UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT JOHNSON P/K/A "PRODIGY"<br><br>Plaintiff,<br><br>-against-<br><br>UNIVERSAL MUSIC PUBLISHING GROUP, UNIVERSAL MUSIC – MGB SONGS, and UNIVERSAL MUSIC MGB NA LLC D/B/A "UNIVERSAL MUSIC – CAREERS"<br><br>Defendants, | COMPLAINT<br>PLAINTIFF DEMANDS JURY TRIAL |

Plaintiff, ALBERT JOHNSON P/K/A "PRODIGY" brings forth Complaint for Copyright Infringement, Unjust Enrichment, Conversion, Declaratory Judgment and other relief against Defendants, UNIVERSAL MUSIC PUBLISHING GROUP, UNIVERSAL MUSIC – MGB SONGS, and UNIVERSAL MUSIC MGB NA LLC D/B/A "UNIVERSAL MUSIC – CAREERS" and states the following:

### PARTIES

1. At all times hereinafter mentioned, Plaintiff, ALBERT JOHNSON (hereinafter "JOHNSON"), is a resident of the State of New York and a successful performing musical artist, songwriter/composer.

2. Defendant, UNIVERSAL MUSIC PUBLISHING GROUP (hereinafter

1

"UNIVERSAL PUBLISHING") is purportedly a corporation, state of incorporation in New York with its principal place of business at 1540 Broadway, New York, NY 10036. With offices conducting business in this judicial district, venue is proper in this Court.

3. Defendant, UNIVERSAL MUSIC – MGB SONGS (hereinafter "MGB SONGS") is purportedly a division of UNIVERSAL MUSIC GROUP which is incorporated in Delaware with its principal place of business at 2100 Colorado Avenue, Santa Monica, CA 90404. On information and belief, MGB SONGS is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

4. Defendant, UNIVERSAL MUSIC MGB NA LLC D/B/A UNIVERSAL MUSIC - CAREERS (hereinafter "MGB NA") is purportedly a California limited liability company doing business as Universal Music – Careers, with its principal place of business at 2100 Colorado Avenue, Santa Monica, CA 90404. On information and belief, MGB NA is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. and the common law of New York. Pursuant to 28 U.S.C. § 1338 this court

has jurisdiction.

6. Personal jurisdiction of this Court over all Defendants is proper as Defendants regularly conduct business within this judicial district. In addition, one or more acts of the injuries sustained took place in this district.

7. Venue of this action is proper in this judicial district pursuant to 28 U.S.C. §1391(c) because one or more of the claims arose in this district. All Defendants regularly conduct business within this district. Furthermore, a substantial part of the events giving rise to Plaintiff's claims arose in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff JOHNSON is a successful performing musical artist, songwriter and composer of original music and sound. He is also a member of the rap group MOBB DEEP.

9. Defendants collectively are engaged in music publishing that maintains a large catalog of music artists and movie soundtracks.

10. Plaintiff is the author of music and lyrics to original musical compositions, namely listed as Exhibit A (collectively the "Infringed Compositions" or "Compositions") Plaintiff owns the rights and title to the copyright in the Infringed Compositions as author, and has been registered or will be registered

with the United States Copyright Office, or is or will be the subject of an application for registration filed with the Copyright Office. (*See* Exhibit A).

9. On February 1, 1995 plaintiff entered into a Co-Publishing Agreement (hereinafter "AGREEMENT") with Defendants' predecessor BMG Songs, Inc. (hereinafter "BMG") whereby JOHNSON and Kejuan Muchita (hereinafter "MUCHITA"), as a members of MOBB DEEP, and "Owner" as referenced in the Agreement, "sold, assigned, transferred and set over to BMG an undivided fifty percent (50%) interest in and to all of Owner's right, title and interest in the Compositions throughout the world…" The Agreement also reads, "…Albert Johnson (p/k/a "Prodigy") and Kejuan Muchita (p/k/a "Havoc"), together, p/k/a MOBB DEEP…(hereinafter jointly and severally referred to as "Owner")" (*See* Exhibit B). The Agreement made no reference to the terms applying to Johnson as an individual not associated with Mobb Deep.

10. The Agreement also reads in Paragraph 7A.1 "If any member of Owner ("leaving member") ceases to perform as a member of "Mobb Deep"." In addition, Paragraph 7A.1(b) of the Agreement reads, "Owner grants to Publisher an option to engage the exclusive songwriting servies of each leaving member. (The Leaving Member Option").

11. On December 18, 1998, BMG and JOHNSON entered into an Amendment to the Agreement (hereinafter "Amendment 1"), whereby according to Paragraph 4 of Amendment 1, "…it is understood that any solo album project featuring the performances of Havoc and Prodigy shall not satisfy the MDRC, nor shall any

4

advance be payable with respect thereto, but such solo album project shall nonetheless be subject to Publisher's rights under the agreement in all respects." (*See* Exhibit C). This Amendment 1 is the first mention of any granting of individual rights by Johnson for solo albums.

12. After such agreements were executed by the parties, the Defendants began to collect all licensing fees and royalties for Johnson and disburse to him 50% of all fees collected, even on third party albums.

13. On October 7, 2014, Johnson's attorney notified Defendants' attorney that Defendants had no right to collect on Johnson's behalf on third party albums since it was never mentioned in any agreement between Johnson and Defendants. After such notification, all disbursements to Johnson has ceased from Defendants.

14. On May 22, 2015, Johnson's attorney sent Defendants' attorney a Demand Letter referencing their breach of the Agreement by non-payment to Johnson and was given 15 business days to cure the breach. (*See* Exhibit D).

15. Defendants do not have any publishing rights to Compositions written by Johnson as an individual prior to December 18, 1998 for any solo albums. Defendants do not have any publishing rights to Compositions written by Johnson as an individual for any third party albums.

16. Despite exploiting Plaintiff's musical Compositions, Defendants have not provided Plaintiff with any payment related to the publishing interest asserted by them.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT)
## (BY PLAINTIFF AGAINST DEFENDANTS)

17. Plaintiff re-allege and incorporate by reference every allegations set forth in the preceding paragraphs.

18. The Compositions written by Plaintiff are original works of authorship and registered with the United States Copyright Office. The Infringed Compositions comply with all statutory and other applicable formalities. Attached hereto are true and correct copies of the U.S. Copyright Registrations as Exhibit A.

19. Defendants, without the permission or consent of Plaintiff, and without authority has infringed plaintiffs' copyright and exclusive rights in the Compositions in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §106 and §501.

20. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of plaintiff.

21. Defendants' conduct is causing, and unless immediately enjoined, will continue to cause enourmous and irreparable harm to plaintiff. Defendants' conduct must be